Henderson, Judge.
 

 It seems not to admit of a question, but that the record of the conviction and attainder of the principal, is
 
 prima facie
 
 evidence against the ac-cessary, that the principal committed the crime, which the accessary is charged with inciting. This is the case although the conviction may have been had upon the confession of the principal, the only doubt seemed to be whether the conviction was not conclusive. If the actual guilt of the principal is essential to the criminality of the accessary, it is difficult to see upon what principle the record of his conviction can prove the fact,* for it is perfectly
 
 res inter alios acta.
 
 The accessary has no opportunity upon the trial of the principal, when they are separately tried, of producing, confronting and examining witnesses. If therefore, we were from this practice, to ascertain what the principle is, it would seem that the guilt of the accessary is independent of that of the principal. But that the law was satisfied with the
 
 conviction
 
 of the
 
 principal;
 
 which fact the record in controversy established to all the world, as well strangers, as parties and privies. This idea is much strengthened by the fact, that in cases where the principal has been convicted before the indictment is preferred against the ac-cessary, the indictment against the latter need not charge the guilt of the principal, but only that he lias in such a Court, been duly
 
 convicted
 
 of the crime,
 
 pront patet per recordium,
 
 and if such an indictment is good, it is sufficient to prove the facts as
 
 laid;
 
 it seems then as there is no charge of the guilt of the principal, but only an allegation of his conviction, that the indictment is fully supported by proving the incitement, and the conviction of the principal, without offering any evidence of his
 
 *55
 
 -guilt. Yet it seems agreed on all hands, that the conviction of the principal, either by outlawry or judgment, must precede the conviction of the accessary, unless the accessary waives such prerequisite, and even then, judgment shall not be pronounced upon the accessary until the principal is convicted, and if afterwards the principal is acquitted, the accessary is thereby discharged. Even in cases where the principal has been outlawed, and the accessary has been tried, convicted, at-tainted arid executed, and afterwards the principal appears, reverses the outlawry, and pleads not guilty to the felony, and it is found for him, this acquittal
 
 ipso facto
 
 reverses the attainder of the accessary, and his heir may enter upon the lord who lias seized his ancestor’s lands as an escheat, and is not put to his action, but may show all this, in an action brought against him by the lord, for his entry.
 
 (Lord Sanchar’s case,
 
 9
 
 Coke
 
 117,
 
 citing
 
 4
 
 Edw.
 
 3). I cannot pretend to unravel all this . nor to decide whether
 
 Lord Coke
 
 is right, when he says that the statute of
 
 West.
 
 1
 
 ch.
 
 14, which enacts “ that none be outlawed upon appeal of commandment, force aid or receipt, until he that is appealed of the deed is at-tainted,” is but in affirmance of the common
 
 law;
 
 I mhst administer it as I find it laid down, and I know of no case, or even
 
 dictum,
 
 where it is said the record of the conviction, is not admissible as
 
 prima fade
 
 evidence of the guilt of the principal, upon the trial of the acces-sary.
 

 But we are startled in this case, because negro testimony may have been, and I presume was, admitted against the negro, the principal felon — as it appears that a negro is indorsed, as one of the witnesses on the hill of indictment. This does not vary the caso from others. For if the principal is convicted upon his own confessions, or by the testimony of one who is incompetent against the accessary, as for instance the wife . o the accessary, the record is admissible in the same
 
 *56
 
 manner, as if it had been founded on testimony which the accessary could not object to. And the present case is «,¶ « . p ,. . . , uotmng more, for the confessions oi the principal, or the evidence of the wife of the accessary, are as inadmissible against the accessary, as the testimony of negroes within the fourth degree; and yet we never heard of those objections. The fact is, they by law are admissible against the principal, and are competent to produce his conviction, and this is sufficient. I admit with the counsel for the Defendant, that this doctrine leads to the introduction of negro testimony on the trial of a white man — that it would have been competent in this case, for the prisoner to have proved by negro testimony, that the principal felon was not guilty. For as by law, the conviction is only
 
 prima facie
 
 evidence of the guilt of the accessary, and may have been procured by negro testimony, that presumption may be repelled by the same kind of evidence by which it was created — or strengthened by it when attacked. But the incitement, which constitutes the moral guilt of the accused, must be proved by testimony admissible against him.
 

 I will not hazard an opinion what the common law upon the subject was, before the statute of
 
 West.
 
 1, and what
 
 apparent
 
 effect, in the nature of accessorial crimes, the regulations of the statute might have produced.
 

 Hall, Judge.
 

 By our laws, slaves are considered to be human beings and capable of committing crimes, and upon the maxim
 
 noscitur a sociis,
 
 negro testimony is admissible evidence against them. Upon such evidence in part, has the negro
 
 March
 
 been convicted, and that conviction was lawful.
 

 An accessary cannot be tried before the principal is convicted, if amenable to justice $ in this case therefore, the prisoner could not be tried before
 
 March
 
 was convicted, because there can be no accessary without a principal, and proof that there is a principal, can only be established by the record of his conviction.
 

 
 *57
 
 The principal is guilty of one offence, and the acces-sary of another. They are essentially different in their characters — of course the guilt of the one is not the guilt of the other. The record of
 
 March’s
 
 conviction was uo proof of the prisoner’s guilt, and it was not read for that purpose. It was read for the purpose of establishing the fact that a murder was committed by
 
 March,
 
 as a prerequisite to the trial of the prisoner. For if the murder was not committed, the prisoner could not be tried as an accessary $ although in a moral point of view he might be as guilty, if it was not committed owing to some accident not under iiis control, as if it had been. But if it is shown by the record that a murder has been committed, then an investigation of the charge against the accessary takes place, on which, evidence of his guilt must be adduced. But of what kind ? Not the record of the conviction of the principal, that only proves the conviction of
 
 March ;
 
 it neither adds to, nor takes from the guilt or innocence of the prisoner. Competent evidence must be adduced ; not the testimony of slaves, but such as in law is admissible against white citizens.
 

 But the prisoner on his trial, not only had the right of contesting the question of his own guilt, but also of proving, if he could, the innocence of
 
 March,
 
 because if he could establish
 
 that,
 
 the law would shield him from further risk, however guilty he may have been, in endeavoring to procure the murder. And as he might disprove
 
 March’s
 
 guilt, (a question in point of fact, quite different from that of his own) so he might do it by the same kind of testimony, that of negroes, by which in part it was established. If such evidence was used against
 
 March,
 
 it might be resisted by evidence of the same kind, either by him, or by any other person authorized by law to controvert the question of his guilt. I therefore think that the record of the conviction of
 
 March,
 
 although in part procured upon negro testimony, was properly re
 
 *58
 
 ceived to prove the fact of his conviction, so as to make it lawful to go into the trial of the prisoner as accessary, and as far as depended upon that record, to decide upon jj¡s case.
 

 Per Curiam. — Let the judgment he affirmed.