Ruffin, C. J.
 

 The points, raised by the exceptions, appear to the Court to be all clearly against the prisoner, except that upon the admission of the conviction of Underwood before judgment.
 

 The objection, founded on the manner of drawing the Grand Jury, has been disposed of in the case of Underwood, who also insisted on that matter. It might have been a cause of challenge ; but after having boon waived and the petit jurors accepted by the prisoner, he cannot urge it as an error, for which he can claim a
 
 venire de novo.
 

 The refusals to remove the trial a second time, and to continue the case, are decisions in the discretion of the Superior Court upon the matter of fact, which, it has been often held, this Gourt cannot review. The Act of 1808,
 
 Rev. St. c.
 
 31,
 
 s.
 
 120, requires the affidavit to “ set forth “the facts whereon the deponent founds the belief, that “justice cannot be obtained,” and expressty states the reason therefor to be, “ that
 
 the Judge
 
 may decide
 
 upon il such facts,
 
 whether the belief is well grounded.”
 

 It was proper to allow the witness to state what Underwood told him, for two reasons. If, as the declarations of Underwood, they would not have been competent original evidence against the prisoner, yet the witness had a right to explain his reason for not giving the whole truth in evidence, upon the occasion to which the prisoner’s counsel referred. The interrogatory was meant to .draw out an answer to the discredit of the witness, by
 
 *102
 
 showing that he had committed perjury, and he had a right to palliate his conduct, as far as he could, by showing that he acted under a species of duress — the fear of losing his life. Besides, it is now settled, that the accessory may controvert the propriety of the principal’s conviction by the testimony of witnesses :
 
 McDaniel’s case, Fost. C. L.
 
 121, 365.
 
 Smith’s case,
 
 1
 
 Leach.
 
 288, and in this case the prisoner did so. That necessarily opened the case to evidence on the other side, of the principal’s guilt; and to that point, any evidence must be admissible, which would be against the principal, were he on his trial.
 
 State
 
 v.
 
 Chitiem,
 
 2 Dev. 49.
 

 There cannot be a doubt, that, however much inclined Underwood might have been, of himself, to take Peden’s life, any acts or words of Duncan, inciting the other to action, are sufficient to make him an accessory before' the fact. Hawkins says, that one who, by showing an express liking or assent to smother’s felonious design of committing a felony, encourages him to commit it, is an accessory.
 
 Bit.
 
 2,
 
 ch.
 
 29,
 
 s.
 
 16.
 

 But on the remaining point, which is, whether the conviction of Underwood was, before judgment thereon, evi--denee against Duncan, the Court differs in opinion from the learned Judge who presided at the trial. We have no statute upon this subje.et; and, at common law, an accessory cannot be indicted, as for a substantive felony, but only together with the principal, or after the conviction and attainder of the principal. They may- be tried together. Mr. Justice Foster deems that, the most eligible course ; and if it be so in England, it is yet more conducive here to a due execution of justice. When tried together, the guilt of the principal is established, as against him and the accessory, by evidence given to the jury. But even when tried by the same jury, the jury is charged to enquire first of the principal, and if they find him guilty, then to enquire of the accessory; and even in that case, judgment must be first given of the
 
 *103
 
 principal; for, says Lord Hale, if any thing obstruct judgment, as clergy, a pardon, &c. the accessory is to be discharged, 1
 
 Hale P. G.
 
 624. The attainder of the principal is indispensable at common law, in all cases: where, the trial of the two is by the same jury, it must precede judgment of the accessory •, and where they are tried separately, whether they be indicted by one or several indictments, it must precede the conviction of the accessory. Hawkins, following'Hale, lays it down as settled before the St. 1 Ann, that, wherever the attainder of the principal was prevented by his death, or standing mute, or being admitted to the benefit of clergy, or he was pardoned, whether before or after conviction, the accessory could not be arraigned ; though, if the principal was actually attainted, whether on conviction or outlawry, his death or pardon subsequent, or any error in the record against the principal, would not avail the accessory. 2
 
 Hawk. P. C. ch.
 
 29,
 
 s.
 
 41, 42. These authors are well warranted in the passages quoted, by the Resolution of the whole Court, given by Lord Coke, 4
 
 Rep.
 
 43 : “ That, if princi-
 
 “
 
 pal and accessory are, and the principal pardoned, or “ has his clergy, the accessory cannot be arraigned, for “ the maxim of the law
 
 is
 
 — ubi
 
 factum nullum, ibi sortia “nulla; et ubi non est principalis, non potest esse accesso- “ ñus.
 
 Then, before it appears there is a principal, one “ cannot be charged as accessory. But none can be called “ principal, before he is so proved and
 
 adjudged
 
 by the “ law, and
 
 that
 
 ought to be
 
 by judgment
 
 upon verdict or “ confession, or by outlawry; for it is not sufficient that, “in
 
 rei veritate,
 
 there was a principal, unless it so ap- “ pears by judgment of the law; and that is the reason “that, when the principal is pardoned, or takes his clergy, “before judgment, the accessory shall never be arraign- “ ed; for it doth not appear,
 
 by judgment
 
 of law, that he “ is principal, and the acceptance of the pardon or pray- “ ing of the clergy, is an argument, but no judgment in “ law, that he is guilty. But if the principal, after at-
 
 *104
 
 “ tainder, is pardoned, or has his clergy, then the acees-“sory shall be arraigned, because it appears judicially “that he was principal.” That such was the rule at common law, further appears from St. 1 Ann. ch. 9, sec. 1, which recites as a mischief, that as the law then was, no accessory
 
 could be convicted
 
 or suffer punishment, when the principal was not
 
 attainted,
 
 and, for remedy, it enacts, that if any principal shall be
 
 convicted
 
 of a felony, or stand inute,'&c. it shall be lawful to proceed against an accessory in the same manner, as if such principal had been
 
 attainted,
 
 nothwithstanding such principal should be pardoned, or
 
 otherwise delivered before attainder.
 
 The object in using the proceedings against the principal, is to excuse the prosecutor from producing to that jury substantive evidence of the guilt of the principal, because that has been duly established against the principal himself. Now, that cannot be said without the solemnity of a judgment against the principal, in any but two cases: the one, where the accessory, as he may do, consents to be tried before the principal; and the other, where they arc tried together. But even in those cases, as we have seen, there can be no judgment of the accessory before there is judgment of the principal; which shews, that the accessory is entitled, unless he voluntarily renounce it, to the benefit of the principal’s exertions in his own behalf throughout, and that the principal’s guilt must be solemnly and conclusively established against himself, before the proceedings can be used in the next step against the accessoiy. Hence, where the trials are separate, the attainder of the principal must precede not only the sentence of the accessory, but his trial. Where there is an attainder of the principal, that is sufficient, though erroneous, as has been already mentioned ; and hence it follows also, that, though they may be tried by one inquest, the rendering of judgment against the principal can be contested by the principal only, and the accessory cannot object to the sufficiency of the in
 
 *105
 
 dictment against the principal or the like, but is conclusively bound by the judgment, though he may, as
 
 parti-ceps in lite,
 
 make full defence with the principal before the jury. It is not, therefore, the joint indictment, which enables the State to offer the conviction of the principal, by itself, against the accessory, though it occurred to us, at one time, it might be, as it probably appeared likewise to his Honor upon the trial. Indeed, it expressly appears, by a subsequent passage in Lord Hale, 2 P. C. 222, that it is not the form of the indictment, but the mode of trial, which dispenses with the production of the attainder of the principal, on the trial of the accessory; for he says, that they, “ being indicted by one or several indictments, “ and both appearing, may be arraigned together at the “ same time, and both pleading not guilty, the same jury “ shall be charged with both, and directed to enquire of both, “ viz. first of the principal, and if they find him guilty, then “ to enquire of the accessory.” It is true, the modern precedents of separate indictments against the accessory, charge only “ the conviction in due course of law” of the principal. But that is well justified by the statute of Anne, which expressly authorizes the trial of the accessory upon the “conviction” of the principal, as it had been before upon his “ attainder” ; and upon that ground, the Courts have put it.
 
 Hyman’s case,
 
 2
 
 East.
 
 782. 2
 
 Leach,
 
 925.
 
 Baldwin’s case,
 
 3
 
 Cartip.
 
 265.
 
 R. and Ry. C. C.
 
 240. Indeed, that might have been also the form of the indictment at common law; for whether the principal was “
 
 duly
 
 convicted,” it might well be held, could only appear by judgment of the Court on the conviction. We have not taken the trouble to search the old precedents on the point, because the question here concerns the mode of proving, and not the form of charging the conviction: and it is very clear that at common law, the attainder of the principal was indispensable evidence on the separate trial of the accessory. It. is true, that .those rules of the common law have been often complained of, and they certainly have
 
 *106
 

 not
 
 unfrequently stopped tbe course of justice against great offenders — for the contriver and instigator is generally the real principal in the guilt, though not in the legal felony. In England, it has been remedied by several statutes ; as- firs!, by the statute 1 Anne, 2, already quoted, and then, following out Judge Foster’s idea of the defects of that statute,
 
 Fost. C. L.
 
 363, it has been since provided by St. 7, Geo. 4, c. 04, for the more effectual prosecution of accessories before the fact, that an ^accessory may be indicted and convicted of a substantive felony, whether tbe principal shall or shall not have been previously convicted, or sbal-1 or shall not be amenable to justice ; and that he may be prosecuted after the conviction of the principal, in. the same manner as if the principal Were attainted, notwithstanding the principal shall die, or he allowed clergy, or pardoned, or otherwise delivered before attainder; and be punished accordingly.
 

 Probably similar reforms may be found by the Legis-ture, to be necessary in our law, especially as peculiar provisions in it, such as the absolute right of appeal in-capital cases, whereby the judgment is temporarily vacated, and others, greatly multiply the impediments to justice against accessories, by appeals of the principal. But the Courts cannot deny to them the benefit of the law, as it was anciently settled, until it shall be altered by the Legislature- More inconveniences may indeed', and probably will, induce the Judges who preside at trials, in their discretion to' refuse separate trials,
 
 where■
 
 the principal and accessory are both amenable,
 
 State
 
 v.
 
 Smith,
 
 2 Ired. 402, as in some slight degree facilitating' the trial and punishment of accessories. But we are-obliged to hold, that when the accessory is not tried with the principal, judgment against the latter is indispensable-evidence against the former. Therefore, the judgment against the prisoner,
 
 Duncan,
 
 must he reversed. It is true, that we now know that the conviction of the principal was a due conviction, as the judgment against him
 
 *107
 
 has been affirmed by ourselves; and, if this were addressed to our discretion, as on a motion for a new trial, we might refuse it, as not advancing the justice of the case. But the question is one of strict law— whether there was error in admitting- incompetent evidence upon the trial of the prisoner; and if there was an error committed in that respect, we are obliged to award a
 
 venire de novo.
 

 Pee Cuelui. Ordered to be certified accordingly.