STATE OF NORTH CAROLINA v. DORIS JEAN JACKSON.

.(Filed 20 June, 1967.)

**1. Criminal Law § 24—**

Defendant's plea of not guilty places the burden upon the State to prove every essential element of the crime charged.

**2. Constitutional Law § 31;    Criminal Law § 74—**

In a prosecution for aiding and abetting, the admission of the record showing that the co-defendants had pleaded guilty to the offense deprives the defendant of her right of confrontation, since defendant is not bound by her co-defendant's pleas and is entitled to cross-examine them, the burden being upon the State to prove that the co-defendants had committed the offense and that defendant had aided and abetted them therein. Constitution of North Carolina, Art. I, § 11; Sixth and Fourteenth Amendments to the Constitution of the United States.

APPEAL by defendant from *McLean, J.,* at 4 April 1966, Criminal Term of MECKLENBURG Superior Court.

The facts are sufficiently stated in the opinion.

*T. W. Bruton, Attorney General, and Andrew A. Vanore, Jr., Staff Attorney, for the State.*

*T. O. Stennett, Attorney for defendant appellant.*

PLESS, J. The defendant, with Franklin Lee McClure and John Lee Barnes, was charged in a bill of indictment with robbing one Frank Woodward with a pistol. McClure and Barnes pleaded guilty. Then the defendant Doris Jean Jackson was put on trial for aiding and abetting them, being represented by court appointed counsel. The evidence against her, as contained in her written admission, was that Frank told her before the robbery that he was going to get some money and that she knew he was going to steal it or rob the store. She parked her car, a 1962 Buick, near the store and Frank told her to wait for him. In about twenty minutes Frank came back "walking real fast and he looked like he had been running." As they passed the store he kept telling her to hurry — that he had got some money. When they got home Frank counted out the money, then called her in the room and gave her thirty dollars.

Upon her trial the defendant claimed violation of her rights under the *Miranda* case, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d, 694, but it was not applicable, since her trial occurred several weeks before it became effective. We must allow a new trial for the reasons stated later, and at that time the *Miranda* case will be applicable. Under these circumstances, we see no reason to discuss this feature of the previous trial.

The defendant excepted to the admission of records that McClure and Barnes had plead guilty to armed robbery in the same case. The bill of indictment charged them and the defendant with the crime of armed robbery of Frank Woodward. She was put on trial on this bill and entered a plea of not guilty. The judge began his charge with the statement "The defendant, Doris Jean Jackson, is charged in a bill of indictment with what we commonly denominate an armed robbery. Now, to the charge contained in this bill of indictment she has entered a plea of not guilty." She was found guilty as charged in the bill of indictment, and the minutes show "the jury herein recorded find the defendant guilty of the charge as charged in the bill of indictment."

In his instructions the judge defined principal in the second degree and aiding and abetting. We assume that it was upon the theory of aiding and abetting that the evidence of her codefendants' guilt

was admitted. However, our Court has held that the plea of guilty of a codefendant is not competent evidence against the defendant on trial, and that where one defendant had been separately tried and convicted, or had pleaded guilty prior to the defendant then on trial, the record of the codefendant's prior conviction or plea is not admissible, and the fact that the codefendant had been convicted or had pleaded guilty to the same charge is not competent. Where two persons are indicted jointly, the crime is several in nature. The guilt of one is not dependent upon the guilt of the other. If one is convicted or pleads guilty, this is not evidence of the guilt of the other. *State v. Kerley,* 246 N.C. 157, 97 S.E. 2d 876; 21 Am. Jur. 2d, Criminal Law § 127.

In *State v. Kerley, supra,* an excerpt from *United States v. Toner,* 173 F. 2d 140, is quoted: " 'The defendant had a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else.' "

Defendant, by her plea of not guilty, put in issue every essential element of the crime charged. *S. v. Courtney,* 248 N.C. 447, 451, 103 S.E. 2d 861, 864; *S. v. McLamb,* 235 N.C. 251, 256, 69 S.E. 2d 537, 540, and cases cited; 21 Am. Jur. 2d, Criminal Law § 467; 22 C.J.S., Criminal Law § 454.

It was incumbent upon the State in the separate trial of defendant to prove by competent evidence that McClure and Barnes had committed the alleged armed robbery and were guilty as principals in the first degree before defendant could be convicted as a principal in the second degree with reference thereto. Evidence as to declarations by McClure and Barnes, whether in the form of extra-judicial admissions or in the form of pleas of guilty, is not competent for that purpose. Neither McClure nor Barnes testified. Defendant had no opportunity to cross-examine them or either of them.

If the three persons indicted for armed robbery, namely, McClure, Barnes and defendant, were being tried jointly, defendant would be entitled to deny and contest the guilt of McClure and Barnes as principals in the first degree; and in so doing defendant would be confronted by and could cross-examine all witnesses who gave testimony as to the guilt of McClure and Barnes as principals in the first degree. In our opinion, she was entitled to the right of confrontation and cross-examination in respect of *all* evidence offered in her separate trial tending to establish the guilt of McClure and Barnes as principals in the first degree.

In *Kirby v. United States,* 174 U.S. 47, 43 L. Ed. 890, 19 S. Ct. 574, the prosecution in a Federal District Court was based upon an

Act providing for the punishment of larceny and receiving stolen goods in respect of property of the United States. The defendant was tried separately for receiving goods allegedly stolen by three named persons. The Government offered in evidence pleas of guilty of larceny by two of these persons and of the conviction of the third. This was held incompetent on the ground it denied the defendant a fundamental right guaranteed by the Sixth Amendment to the Constitution of the United States providing that "in all criminal prosecutions the accused shall . . . be confronted with the witnesses against him." Accord: *Hammond v. State,* 293 S.W. 714 (Ark.); *Jackson v. State,* 220 S.W. 2d 800 (Ark.). It is noteworthy that *Kirby v. United States, supra,* was cited by this Court with approval in *S. v. Kerley, supra.*

In *Pointer v. Texas,* 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065, it was held that the Sixth Amendment guaranty protecting an accused's right to confront the witnesses against him was made obligatory on the States by the Fourteenth Amendment.

The admission of the record of her codefendants' guilt constituted error for which she is entitled to a

New trial.