STATE OF NORTH CAROLINA v. RAYMOND EUGENE BROWN

No. 770A85

(Filed 7 April 1987)

1. **Criminal Law § 9.5; Constitutional Law § 65— aiding and abetting—convictions of principals in prior trial—not admissible**

   In a prosecution for first degree rape, armed robbery, first degree kidnapping, and first degree sexual offense where the State sought to establish that defendant was an aider and abettor as to all of the crimes except the rape, the trial court erred by admitting testimony that two others had already been convicted of the crimes charged against defendant. It was the province of the jury in this case, not the jury in some other case, to determine whether every element of the State's charges against defendant on the theory of aiding and abetting had been established beyond a reasonable doubt. Furthermore, the testimony violated defendant's Sixth Amendment right to confront witnesses against him.

2. **Criminal Law § 33.1; Constitutional Law § 65— rape—prior convictions of accessories—inadmissible**

   In a prosecution for rape, armed robbery, first degree kidnapping, and first degree sexual offense in which the State sought to establish that defendant was the principal as to the rape, evidence of previous convictions of other men for these crimes was irrelevant under N.C.G.S. § 8C-1, Rule 401, and, furthermore, violated defendant's Sixth Amendment right to confront witnesses against him.

APPEAL by the defendant from judgments entered by *Hobgood (Robert H.), J.*, at the 9 September 1985 Criminal Session of Superior Court, CUMBERLAND County.

The defendant was indicted for one count each of first-degree rape, robbery with a dangerous weapon, first-degree kidnapping, and first-degree sexual offense. A jury found him guilty as charged. He received consecutive life sentences for first-degree rape and first-degree sexual offense, and consecutive sentences of twelve years for first-degree kidnapping and fourteen years for robbery with a dangerous weapon.

The defendant appealed the convictions resulting in life sentences to the Supreme Court as a matter of right. His motion to bypass the Court of Appeals with respect to his appeal of the other convictions was allowed on 13 February 1986. Heard in the Supreme Court on 12 February 1987.

*Lacy H. Thornburg, Attorney General, by Laura E. Crumpler, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Louis D. Bilionis, Assistant Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant contends, *inter alia*, that the trial court erred by admitting into evidence the previous convictions of two others for the same crimes with which he was charged in this case. We agree and hold that the defendant is entitled to a new trial.

The State's evidence tended to show that on the night of Sunday, 17 June 1984, the victim left her apartment and went to Hardee's for food. She returned home immediately and parked directly in front of her apartment. Two men approached her and asked if she knew of a "Cashwell" who lived in that apartment. She said she did not and added that she lived alone. One of the men then displayed a knife and told her they wanted her money. The other man took her money out of her wallet. The men were later identified as Eric Gilliam and Jeffrey Battle, but they referred to themselves and each other as "Killer." Gilliam told the victim that she would be "dead in a ditch" if she made any sound.

Gilliam and Battle got into the victim's car with her. Gilliam drove the car to a road in a dark wooded area, where he informed the victim that they were going to have sex with her. Another car driven by the defendant, Raymond Eugene Brown, pulled up behind the victim's car. Battle pushed the victim forward and told her not to look back. The men undressed her, and Battle forced her to perform fellatio on him. Gilliam, Battle and the defendant Brown each engaged in sexual intercourse with the victim. When the defendant Brown got into the car, the victim saw he had a set of handcuffs.

As Gilliam was getting dressed, he told the victim, in the presence of both Battle and the defendant Brown, that she would be shot if she reported the incident. He said he liked her and would come back for her. The men got into the car the defendant Brown had brought and left. The victim waited ten minutes, as instructed, then returned to her apartment. She reported the incident to police.

Late the following Friday night, 23 June 1984, Gilliam and Battle knocked on the victim's door. She saw them through her window and called the police. The authorities had been "staking out" the area and stopped Gilliam's car as it left the apartment complex. The defendant Brown was in the front passenger's seat. A search of the defendant Brown's person revealed that he was carrying a pocketknife, a straight-edged razor, and a handcuff key. Five other knives and a set of handcuffs were found in the car.

The defendant Brown made a statement to authorities within a few hours. He contended in the statement and at trial that his sexual intercourse with the victim was consensual. He said he was riding with Gilliam and Battle on 17 June 1984. They pulled into an apartment complex where Gilliam said he used to live. Gilliam and Battle got out of the car and told the defendant to follow them when they left in another car. He complied, following them out of the complex and down the road where the incident occurred. The defendant said that Gilliam came back to the car he was driving and told him, "This girl is friendly . . . ." The defendant got into her car, spoke with her awhile, then engaged in sexual intercourse with her.

The defendant Brown said he had seen no weapon that night and was unaware that any money had been taken. According to the defendant, Gilliam told him he had seen "the girl" again later in the week and she had said she enjoyed the encounter. She had invited Gilliam to come over again. For this reason the men had returned to the apartment complex on the night they were apprehended. The defendant Brown also testified that Gilliam and Battle had handed him the pocketknife and razor when they were stopped on 23 June 1984, because possessing weapons violated the terms of their probation and parole.

[1] The defendant Brown contends that the trial court erred by admitting testimony that Gilliam and Battle already had been convicted of the same crimes charged against him. *See State v. Battle and Gilliam*, 317 N.C. 293, 344 S.E. 2d 783 (1986) (finding no error in their convictions). The State sought to establish at trial that, as to the crime of first degree rape, the defendant Brown was the principal, aided and abetted by Gilliam and Battle. As to the other crimes, the State sought to show that Gilliam and Battle were principals, with the defendant acting as an aider and abettor. The prosecutor argued that testimony concerning Gilliam's and Battle's convictions of the crimes for which they were the alleged principals was admissible in this case against the defendant Brown for the same crimes on the theory that he aided and abetted the other men. The prosecutor relied upon two old cases, *State v. Duncan*, 28 N.C. 98 (1846) and *State v. Chittem*, 13 N.C. 49 (1830). The trial court ruled that the testimony "is admissible in this trial."

To convict the defendant under the theory of aiding and abetting, the State had the burden of proving, among other things, that the crimes alleged had in fact been committed. *State v. Beach*, 283 N.C. 261, 196 S.E. 2d 214 (1973). *See generally State v. Woods*, 307 N.C. 213, 218, 297 S.E. 2d 574, 577 (1982). Although it is not required that the principal be convicted, the guilt of the principal must be established beyond a reasonable doubt. *Id.* This burden could not be carried by testimony concerning judgments rendered in other trials to which the defendant was not a party and not able to cross-examine witnesses. The admission of such evidence violated his right to confrontation under the Constitution of the United States and the Constitution of North Carolina. *See Kirby v. United States*, 174 U.S. 47, 55, 43 L.Ed. 890, 893-94

(1899); *State v. Kerley*, 246 N.C. 157, 159, 97 S.E. 2d 876, 878 (1957).

*State v. Duncan*, 28 N.C. 98 (1846) and *State v. Chittem*, 13 N.C. 49 (1830) do not control the present case. Those cases apparently were tried under the Nineteenth Century rule that a defendant could not be convicted as an accessory until the State established that the principal had been *convicted*. Therefore, in *Duncan* and *Chittem* this Court quite properly found no error in the admission of evidence that the principals had been convicted. *See Kirby v. United States*, 174 U.S. 47, 54, 43 L.Ed. 890, 893 (1899). To the extent that they go further and hold that the record of a principal's conviction could be used during the trial of the alleged accessory as evidence that the crime actually was committed, however, we expressly disavow *Duncan* and *Chittem*.

More recently, we have stated the correct rule when, as here, the defendant is tried on the theory of aiding and abetting to be as follows:

> [W]here one defendant had been separately tried and convicted or had pleaded guilty prior to the defendant then on trial, the record of the codefendant's prior conviction or plea is not admissible, and the fact that the codefendant had been convicted or had pleaded guilty to the same charge is not competent . . . . If one is convicted or pleads guilty, this is not evidence of the guilt of the other.

*State v. Jackson*, 270 N.C. 773, 775, 155 S.E. 2d 236, 237 (1967). We further indicated that the admission of such incompetent testimony violated the Sixth Amendment guarantee of an accused's right to confront the witnesses against him made obligatory on the States by the Fourteenth Amendment to the Constitution of the United States. 270 N.C. at 776, 155 S.E. 2d at 238.

Since a deprivation of a constitutional right is involved in the present case, the State must demonstrate to this Court that the error was harmless beyond a reasonable doubt if the convictions of the defendant are to be upheld. N.C.G.S. § 15A-1443(b) (1983). The State has been unable to do so.

Here, the jury was exposed to strong and virtually irrebuttable evidence that the alleged principals were convicted of the same crimes charged against this defendant. Such evidence must

State v. Brown

have strongly influenced the jury to believe that the alleged principals actually had committed the crimes charged here, a critical element in the charges against this defendant Brown upon the State's theory that he participated in the crimes as an aider and abettor. It was the province of the jury in this case, not the jury in some other case, to determine whether every element of the State's charges against Brown on the theory of aiding and abetting had been established beyond a reasonable doubt. The evidence concerning the previous convictions of the alleged principals was likely, in our view, to have caused the jury in this case to rely improperly upon the verdicts of the jury in the previous cases against the alleged principals. Therefore, we do not find the error harmless beyond a reasonable doubt.

[2] The defendant Brown also is entitled to a new trial on the charge of first degree rape, which was tried on the theory that he was the principal and the other men were aiders and abettors. As to that charge against the defendant, the evidence of the previous convictions of the other men was irrelevant under Rule 401 of the North Carolina Rules of Evidence, because it did not have "any tendency to make the existence of any fact . . . of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.G.S. § 8C-1, Rule 401 (1986). Being irrelevant, the evidence was not admissible. N.C.G.S. § 8C-1, Rule 402 (1986). Further the admission of such evidence violated the defendant's Sixth Amendment right to confront the witnesses against him with regard to this charge, just as it did with regard to the other charges. We do not find this error harmless beyond a reasonable doubt.

The defendant is entitled to a new trial as to all charges.

New trial.