STATE v. ARTHUR KOBI.

151 N. W. (2d) 404.

June 2, 1967—No. 40,551.

*Gerard W. Ring* and *Frederic N. Brown,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Laurence A. Anderson,* Special Assistant Attorney General, for respondent.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying defendant's motion to vacate a plea of guilty and sentence thereon after evidentiary hearing in postconviction proceedings. It is defendant's contention that he was induced to enter a plea of guilty after a confession was secured from him by police officers in violation of his constitutionally protected rights.

It appears from the record that Arthur Kobi is a divorced man, 50 years of age, and at the time of his arrest was employed as a custodian at the Mayo Civic Auditorium. The local police had received a complaint from the mother of a 6-year-old boy and a 10-year-old girl that Kobi induced the children to go to his apartment where he displayed lewd and lascivious pictures and engaged in unnatural sex acts. The police secured a warrant for Kobi's arrest and a search warrant for his apartment. When he was apprehended at work, he accompanied the police officers to his apartment where lewd pictures and photographs were found, including one portraying the criminal act with which he was later charged. Kobi was arrested on April 17, 1963, and on the following day in municipal court he entered a plea of guilty to the misdemeanor of displaying obscene literature and was sentenced. On April 19, 1963, he was interviewed by police officers and a confession was obtained. In the meantime, defendant had had an opportunity to contact two lawyers and to discuss his problem with his brother. Before the confession was taken, he was informed that he had a right to an attorney, that his statements could be used in court against him, and he was asked whether he was making the statement of his own free will. The nature and seriousness of the charge about which he was being

questioned were explained to him prior to the interview. After the confession was reduced to writing, he had an opportunity to read it, sign it, and was given a copy. At no time was there any suggestion that a threat was made prior to his arraignment. As a matter of fact he advised the court to the contrary. According to police testimony the interview lasted 45 minutes. Kobi claims, however, that it lasted the greater part of one day. After the confession was signed it was determined to charge Kobi with sodomy, a felony.

Ten days prior to his arraignment on the felony charge, he had an opportunity to discuss his problem with a court-appointed lawyer.[1]

Kobi's demands for relief are based on the dual claim that the confession was secured through threats and that he would not have signed it if he had not been a person of low intelligence. His court-appointed counsel relies on the authority of Culombe v. Connecticut, 367 U. S. 568, 81 S. Ct. 1860, 6 L. ed. (2d) 1037, and Lynumn v. Illinois, 372 U. S. 528, 83 S. Ct. 917, 9 L. ed. (2d) 922, which hold that the true

---

[1] At the arraignment in district court, the following colloquy took place:

"THE COURT: Do you feel that you have been fairly treated while you have been in the custody of the sheriff?

"DEFENDANT: Your honor, 100 per cent.

"THE COURT: Mr. Price, have you informed this defendant of his Constitutional Rights?

"MR. PRICE: I have, your honor.

"THE COURT: Is that true, Mr. Kobi?

"DEFENDANT: That is correct.

"THE COURT: He's informed you, has he not, that you need not plead guilty, if you do not wish to?

"DEFENDANT: That's right.

"THE COURT: He has told you that if you plead not guilty, that you will be entitled to a jury trial in Olmsted County, Minnesota?

"DEFENDANT: That's right.

"THE COURT: And, that you would not be forced to take the stand in your own defense, if you did not wish to?

"DEFENDANT: That's true.

"THE COURT: And, that you would enter the trial with the presumption of innocence and that the jury would be so instructed?

"DEFENDANT: That's right.

test of admissibility of a confession is whether it is made freely, voluntarily, and without compulsion or inducement of any sort, and whether the will of the confessor was overborne. In the Culombe case, the petitioner, a 33-year-old illiterate mental defective, was taken into custody by police officers on a Saturday afternoon and held without benefit of counsel, though he requested counsel; without the prompt arraignment required by state law; and without being advised of his constitu-

---

"THE COURT: You could not be convicted unless the State proved your guilt beyond a reasonable doubt and the jury would be so instructed?

"DEFENDANT: Yes, sir.

"THE COURT: And, that you could not be found guilty without a unanimous vote of the jury; you know those things, do you?

"DEFENDANT: Yes.

"THE COURT: Have you informed this defendant of the possible punishment that may be included in his sentence in this matter if he enters a plea of guilty?

"MR. PRICE: I have, your honor.

"THE COURT: Mr. Kobi, has any person in authority such as a sheriff, a deputy sheriff, a police officer, of any kind, a prosecuting attorney or assistant prosecuting attorney, or any judge of a court of record or agent of the State Crime Bureau, any justice of the peace or any person in authority made any promises to you of leniency if you would enter a plea of guilty to this Information?

"DEFENDANT: They have not.

"THE COURT: Have any such persons threatened you with bodily harm or duress if you did not plead guilty?

"DEFENDANT: They have not.

"THE COURT: Would it be true to say that any plea that you make at this time is entirely voluntary?

"DEFENDANT: That's right.

"THE COURT: You heard the reading of this Information?

"DEFENDANT: Yes.

"THE COURT: You understand precisely of what you are accused?

"DEFENDANT: Yes.

"THE COURT: To this Information, what is your plea? Guilty or not guilty?

"DEFENDANT: I will plead guilty.

"THE COURT: You said 'guilty,' and you are guilty, is that true?

"DEFENDANT: That is correct.

"THE COURT: Mr. Mattson.

"MR. MATTSON [county attorney]: May it please the court: The police

tional rights. He was questioned intermittently by police officers until the following Wednesday night when, after being upset by seeing his wife and sick daughter and being urged by his wife to tell the truth, he confessed to participation in a holdup in which two men were murdered. The Supreme Court of the United States held that under the circumstances the confession was not voluntary and its use over objection on motion to suppress deprived the petitioner of due process of law in violation of the Fourteenth Amendment.

In the context of the record before us, it would be unrealistic to give application to the Culombe holding. Defendant's version of the threat is that when the police officers were in his apartment they said, "This old dump should be burned out" or "this old dump or hole should be burned down and everything in it." At the time the police officers executed the search warrant, the only thing of any particular value found in the apartment was a polaroid camera used by the defendant for perverted purposes. There would be no sense in the police burning the apartment since it was on property which defendant did not own. What actually happened was that, when the police officers discovered material in a desk drawer which they described as obscene, filth, and trash, one of them made the remark, "The best thing we could do would be to burn this stuff, it was too filthy to take in" or that "we should * * * haul this out to the dump and burn it." There is no claim by defendant that the police officers threatened him with any wrongful act if he did not sign the confession. While it is apparent that defendant must be a man of low intelligence, there was neither evi-

department has had information and investigations before concerning Mr. Kobi relative to some pornographic material and some reports. Now, in this particular instance a search warrant was obtained and pictures were found. Mr. Kobi in a signed statement given to Capt. Donald Crowe of the detective department and a juvenile officer admits this crime on April 9 — that he committed this crime on April 9, 1963, in the City of Rochester on this six-year old Wimmer boy. Your honor, I will show the court some pictures that Mr. Kobi himself took of this act with the Polaroid camera and he's initialed the back of these pictures; this being the same boy in which he is charged in this Information."

dence nor definite information submitted to this court in oral argument or by brief relating to his mental capacity.

We have in several recent cases discussed the criteria for determining voluntariness of confessions. State v. Biron, 266 Minn. 272, 123 N. W. (2d) 392; State v. Taylor, 270 Minn. 333, 133 N. W. (2d) 828; State ex rel. Fruhrman v. Tahash, 275 Minn. 242, 146 N. W. (2d) 174; State v. Poelakker, 276 Minn. 41, 148 N. W. (2d) 372. The evidentiary hearing was conducted pursuant to the views expressed by this court in State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847, and State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657. At the hearing defendant testified, as did one of the police officers who secured the confession. The other police officer is since deceased.[2]

It is unnecessary to further expand upon either the facts or law in this case except to observe that the total circumstances under which the confession was given establish that it was made voluntarily. The claim that it was given in fear of having his property burned is without merit. This is not a case in which the police officers exceeded proper standards of detection and investigation, nor is it a case in which the trial court or the prosecuting attorney acted without due regard for defendant's rights. This is a case in which the police and law-enforcement authorities acted properly to protect society from the acts and propensities of this defendant.

Affirmed.

---

[2] There is no claim made here that the decisions of the United States Supreme Court in Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. (2d) 977, and Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694, have retroactive application. See, State ex rel. Fruhrman v. Tahash, 275 Minn. 242, 146 N. W. (2d) 174.