## STATE v. MELVIN LLOYD ADKISON.

155 N. W. (2d) 394.

December 15, 1967—No. 40,459.

*C. Paul Jones,* State Public Defender, *Richard W. Swanson,* and *Robert E. Oliphant,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, and *Alan M. Schlesinger,* Special Assistant Attorney General, for respondent.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from a judgment of the district court. On December 23, 1965, defendant, Melvin Lloyd Adkison, was involved in an automobile accident while driving on U. S. Highway No. 12 in Washington County. As a result of this accident a passenger in his automobile was killed.

On December 24, 1965, defendant appeared in municipal court in Stillwater and was charged with drunkenness in violation of Minn. St. 340.96, and driving after revocation of his driver's license in violation of § 171.24. The drunkenness charge was withdrawn on the motion of the county attorney. Defendant entered a plea of guilty to the charge of driving after revocation and received a 90-day jail sentence. He was not represented by counsel at that hearing, but this is not an issue here.

Defendant first appeared with an attorney in the District Court of Washington County on January 10, 1966. The court then appointed that attorney to represent defendant. The matter was continued until January 24 to enable the attorney to consider the possibility of waiving a preliminary hearing on a charge of criminal negligence against defendant.

On January 24, 1966, defendant and his attorney again appeared in district court and, on the advice of his attorney, defendant waived the preliminary hearing. The information charging defendant with criminal negligence in violation of Minn. St. 609.21 was read and he entered a plea of guilty. This plea was accepted by the court and defendant was sentenced to the State Prison until discharged by competent authority or due process of law.

Defendant on appeal raises two questions: (1) Was his plea of guilty induced by a misunderstanding of his legal position? (2) Was he adequately represented by counsel?

■ Defendant argues that information was given to him by his court-appointed attorney which caused him to misapprehend his legal position and induced him to plead guilty. The general rule in our jurisdiction is that a defendant's request for withdrawal of a guilty plea should be honored where he is able to establish prima facie that he was induced to

enter the plea by a genuine misapprehension of his legal position and his constitutional rights. State v. Richter, 270 Minn. 307, 133 N. W. (2d) 537, certiorari denied, 382 U. S. 860, 86 S. Ct. 119, 15 L. ed. (2d) 98; State v. Clifford, 267 Minn. 554, 126 N. W. (2d) 258.

Defendant contends that he was led to believe that if he were convicted in a jury trial, the court would almost certainly impose on him the maximum sentence, which could be up to 40 years because of his prior offenses. He claims that his attorney gave him this information at their meeting on or about January 17, 1966, and that at the same time the county attorney promised that his office would not file a charge under the "Baumes Act" listing prior offenses if defendant were to plead guilty. He therefore contends that the county attorney's office acquiesced in the advice given him by his own attorney and made use of this advice to induce defendant to enter a plea of guilty which was the result of a serious misapprehension of his legal position.

We must confine our view of this case to the record before us. There is no indication in the record that defendant entered his plea of guilty because of promises made to him regarding the Habitual Offender Act. On the contrary, the record contains a statement by the assistant county attorney, testimony from defendant, and other matters which refute this claim.

When defendant appeared with his attorney on January 24, after the preliminary hearing was waived the trial judge had the information read to defendant and asked him if he fully understood the charge made therein. Defendant said that he did; that he had discussed the matter fully with his attorney; and that the penalties which might be imposed if he were found guilty had been explained to him. He was then asked by the judge if he felt he had all the information he needed to intelligently enter a plea, to which he replied he did. He then entered the plea of guilty.

After some further discussion between the judge and defendant's attorney, the court before accepting the guilty plea examined defendant about his birthplace, parents, occupation, religion, education, background, and past prison record.[1] When asked whether a presentence

---

[1] He informed the judge that he had been in prison at least 25 years.

investigation was necessary, defendant's attorney informed the court that he had discussed the matter with defendant and they agreed that there would be no need for such an investigation. When questioned by the court, defendant stated that he understood that he had a constitutional right to a trial by jury; that evidence must be presented to convince the jury that he was guilty beyond a reasonable doubt; and that he was presumed innocent until proved guilty. Defendant was further questioned as follows:

"Q. [By the court] Now, the next question I ask you is has anyone in authority or otherwise made any promises to you in connection with your plea?

"A. No, none whatsoever.

"Q. Has anyone made any threats to you in connection with your plea?

"A. None whatsoever.

"Q. Well then, is it safe to say, or am I right when I conclude that your plea at this time has been made freely and of your own accord?

"A. Yes, Sir.

"Q. Without fear or favor from any—from man?

"A. Yes, Sir.

\* \* \* \* \*

"THE COURT: Well, Mr. Adkison, you've received no prior information from the county attorney's office that they would not file Baums Act against you? You know what the Baums Act is, of course?

"DEFENDANT: Yes.

"THE COURT: In other words, your plea wasn't predicated on that?

"DEFENDANT: No, Sir."

After further determination by the court that there was no need for presentence investigation in view of the record but before passing sentence, the trial judge asked defendant's counsel if he wished to further discuss the matter. Counsel then requested leniency because one of defendant's problems originated out of excessive use of alcohol. Counsel also stated, "And I also would call the Court's attention to the

age of the defendant herein [60], and no great thing is going to come out of this by an excessive sentence or Bauming or anything of that nature." The court then pointed out that there had been no request "for any piling on any sentences," and defendant's attorney stated that there was nothing further he wished to say.

The assistant county attorney informed the court that the state did not intend at this time to file any information charging defendant with prior criminal offenses. He further explained that this was not done as any inducement to obtain a plea. After again being informed by defendant that there was nothing further he wanted to say, the court imposed the sentence.

It would serve no useful purpose to set out in further detail parts of this record. It is our opinion that the record does not support defendant's claim that his plea of guilty was induced by a misunderstanding of his legal position.

■ Defendant contends that he was denied due process because his court-appointed attorney did not adequately represent him. He also claims that his attorney misinformed him as to the law applicable to him and did not consult with him enough to adequately prepare a defense. Again, there is no evidence in the record before us to support these claims.

Affirmed.