## STATE v. THOMAS HARDIN HAMILTON.

157 N. W. (2d) 528.

March 22, 1968—No. 40,778.

---

[1] Upkins v. Downs (La. App.) 169 So. (2d) 256; Schickel v. Yellow Cab Co. 369 Pa. 356, 85 A. (2d) 138.

22

[redacted]

*C. Paul Jones,* State Public Defender, *Ronald J. Wolf,* and *Rosalie Wahl,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, *William B. Randall,* County Attorney, and *Mentor C. Addicks, Jr.,* and *Thomas Poch,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal by defendant from a judgment of conviction of rape entered pursuant to a guilty plea.

The file in this case is virtually devoid of relevant facts. Accordingly, the facts here are taken from defendant's brief. According to the state's brief, his statement of facts is correct.[1]

Defendant, Thomas Hamilton, was charged by indictment with having committed rape in violation of Minn. St. 617.01. The public defender of Ramsey County was appointed to represent him. Defendant entered a plea of not guilty on June 3, 1966. Pursuant to order, a psychiatric examination of defendant was conducted and the findings were that he was

---

[1] The state points out in its brief that defendant quotes a portion of a transcript of proceedings dated October 14, 1966, before Judge John W. Graff of the Ramsey County District Court, who accepted defendant's plea of guilty and sentenced him to a maximum of 20 years instead of the possible maximum of 30 years provided by statute.

capable of assisting in his own defense. On September 1, 1966, defendant's motion for another psychiatric examination to determine whether or not he was then competent to assist in his own defense or stand trial was granted, but, for reasons which do not appear in the record, he was not given another examination.

On October 14, 1966, the trial court permitted defendant to withdraw his previous plea and to plead guilty. At that time he was questioned rather extensively. Defendant said that his counsel had discussed the charge with him before coming to court that day. He admitted that he compelled a woman to have sexual intercourse with him by threatening her with a gun. He stated that he understood the nature of the crime of rape, and that he knew he was entitled to the presumption of innocence, the privilege against self-incrimination, and a jury trial. He said he realized that the state had to prove his guilt beyond a reasonable doubt, that a unanimous jury was required for conviction, and that he was subject to imprisonment for up to 30 years. Finally, he said that his guilty plea was not induced by threats or promises. He was convicted and sentenced to up to 20 years' imprisonment.

■ Defendant's first contention is that his guilty plea was improperly induced in that at the time it was made he had been incarcerated 4½ months and was emotionally distraught; also because, according to his claim, he had been promised by the authorities that all of the other possible charges that might be made against him would be dropped if he changed his plea to guilty.

Our recent case of State v. Adkison, 279 Minn. 1, 155 N. W. (2d) 394, appears to dispose of this issue. There, as here, the defendant complained that his guilty plea had been improperly induced. There, as here, the defendant's statements at trial were at variance with what he alleged on appeal. This court, noting that the record belied the defendant's position on appeal, held that the charge that the guilty plea was improperly induced was without merit. The same disposition is called for here. It is our conclusion that defendant was very comprehensively and thoroughly questioned and informed as to all his rights before being permitted to withdraw his previous plea of not guilty and enter a plea of guilty; that defendant must have well understood what he was doing when he changed his plea

to guilty; and that his claim now that the guilty plea was improperly induced is without merit. We hold that his plea of guilty was properly received.

■ Defendant also claims that his representation by his attorney at the trial was inadequate because his counsel never interviewed certain alibi witnesses. There is no evidence in the record to show this alleged failure. That being the case, this court cannot pass on the issue except to say that when the trial judge questioned defendant before permitting him to enter a plea of guilty, defendant made no protest or complaint as to the adequacy of the representation he received.

Affirmed.