ROBERT E. CHAPMAN v. STATE.

162 N. W. (2d) 698.

November 1, 1968—No. 41285.

14

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *James J. O'Connor,* Special Assistant Attorney General, and *Robert C. Tuveson,* County Attorney, for appellant.

*C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court granting a petition for post-conviction relief and thereby vacating a judgment of conviction for murder in the second degree. The order is appealable. Minn. St. 590.06.

The petition was based principally upon the ground that the plea of guilty should have been rejected because (a) information elicited from

defendant by the court before sentence disclosed the absence of intent to kill, which is an essential element of murder in the second degree, and (b) the plea of guilty was not freely and voluntarily given since it was prompted by a "confession" secured from defendant by improper means.

On May 23, 1963, a man was killed in Freeborn County. On June 8, 1963, the grand jury of that county returned an indictment charging defendant, Robert E. Chapman, with the crime of murder in the first degree. On June 25, 1963, this indictment was dismissed by the state and an information was filed charging defendant with murder in the second degree. Defendant then petitioned to plead guilty. He was arraigned on the charge of murder in the second degree and also upon an information charging two prior felony convictions. He pled guilty. After interrogation by the court and the county attorney, he was sentenced to imprisonment for a period of not less than 30 nor more than 80 years and was committed.

In 1966, defendant petitioned the District Court of Washington County for a writ of habeas corpus alleging that his plea of guilty to the charge of murder in the second degree was improperly accepted because the presentence interrogation to which reference has been made disclosed facts not consistent with the essential elements of murder in the second degree. He claimed, also, inadequate representation and the use of an improperly obtained confession in securing his plea. The petition was denied by the district court without a hearing and in State ex rel. Chapman v. Tahash, 277 Minn. 503, 152 N. W. (2d) 309, the matter was remanded to the district court for a hearing on these claims. Defendant then petitioned for relief under c. 590, the Postconviction Remedy Act adopted by the legislature in 1967 (L. 1967, c. 336). After an evidentiary hearing, the petition was granted and the matter now comes before us on appeal by the state.

■ Most criminal cases are disposed of by a plea of guilty. There are considerations of public policy combined with advantages to the defendant which are furthered by the process.[1] From the standpoint of the state,

---

[1] For a general discussion, see Newman, Conviction, The Determination of Guilt or Innocence Without Trial.

the tender of a guilty plea eliminates the necessity of a complex and costly criminal trial. Congested court calendars and overburdened prosecutors are relieved. From the standpoint of the defendant whose guilt of a criminal offense is clear and provable, it is frequently better to acknowledge guilt than to pursue a fruitless contest which may lead to a sentence more severe than that likely to be imposed upon acceptance of the plea of guilty.

The purposes of the criminal law are not served if defendants are permitted to plead guilty to offenses of which they are not in fact guilty. But once the plea is accepted and a judgment of conviction is entered upon it, the general policy favoring the finality of judgments applies to some extent, at least, in criminal as well as in civil cases.[2] The tender and acceptance of a plea of guilty is and must be a most solemn commitment. While the state has no reason to imprison a man for a crime which he did not commit, "[w]e are not disposed to encourage accused persons to 'play games' with the courts at the expense of already overburdened calendars and the rights of other accused persons awaiting trial" by setting aside judgments of conviction based upon pleas made with deliberation and accepted by the court with caution. Everett v. United States, 119 App. D. C. 60, 65, 336 F. (2d) 979, 984.

"* * * The mere fact * * * that an accused knowing his rights and the consequences of his act, hopes and believes that he will receive a shorter sentence or milder punishment by pleading guilty than he would upon a trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea after he finds that his expectation has not been realized." People v. Morreale, 412 Ill. 528, 532, 107 N. E. (2d) 721, 724.

Furthermore, a judgment of conviction based upon a plea of guilty should not be vacated without the strongest of reasons if the effect of such vacation will be to seriously prejudice or bar proceedings by the state due to changes in evidentiary circumstances occurring between the time the plea of guilty was accepted and the time when the case will be tried on

---

[2] See, Notes, 64 Yale L. J. 590, 597; 55 Col. L. Rev. 366, 367. Note, however, The Travelers Ins. Co. v. Thompson, 281 Minn. 547, 558, 163 N. W. (2d) 289, 296, and cases cited.

the merits if the judgment of conviction is, in fact, vacated and the plea of guilty annulled.[3] A plea of guilty cannot be used as a tactical device to frustrate the prosecution.

■ Subject to these restraining considerations, we have frequently held in effect that an application to withdraw a plea of guilty is addressed to the sound discretion of the trial court and should be granted whenever necessary to correct a manifest injustice. There is supporting authority for this principle.

The American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (tentative draft), § 2.1, sets out a standard for withdrawal of a plea:

"(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(i) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

"(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

"(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

"(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

"(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.

"(iii) The defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered.

---

[3] For example, see Farnsworth v. Sanford (5 Cir.) 115 F. (2d) 375, certiorari denied, 313 U. S. 586, 61 S. Ct. 1109, 85 L. ed. 1541.

"(b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

The Wisconsin Supreme Court adopted the above standard but noted that the four factual stituations used to illustrate manifest injustice are not exhaustive. State v. Reppin, 35 Wis. (2d) 377, 151 N. W. (2d) 9.

The Illinois Supreme Court apparently also follows the manifest-injustice test, suggesting that manifest injustice may exist when (1) the plea was entered on a misapprehension of the facts or the law; (2) the plea was entered in consequence of misrepresentation by counsel or the state's attorney or someone else in authority; (3) the case is one where there is doubt of the guilt of the accused; (4) the accused has a defense worthy of consideration by a jury; or (5) the ends of justice will be better served by submitting the case to a jury. People v. Walston, 38 Ill. (2d) 39, 230 N. E. (2d) 233.

In Pennsylvania, "[t]he withdrawal of a plea of guilty is properly allowed (a) where it has been entered in ignorance of the nature of the crime with which defendant has been charged and the consequences of his plea, or (b) where the plea of guilty was not made freely and voluntarily, or (c) where the plea was entered by mistake, or without the consent of the defendant, or (d) where the plea was entered by an uncounseled defendant in a homicide case, or in a felony case in which defendant was indigent or was refused counsel * * *, or (e) where the plea was induced by fraud or threats or justifiable fear, or (f) where a trial or hearing Judge has made, but has not kept, a promise or commitment which induced the plea, or (g) where because of very unusual circumstances, the Court believes that Justice will best be served by submitting the case to a jury." (Italics omitted.) Commonwealth v. Scoleri, 415 Pa. 218, 247, 202 A. (2d) 521, 536, 203 A. (2d) 319.

In recent years orders authorizing or refusing to authorize the with-

drawal of a plea of guilty have been considered by this court where claim was made that:

▪ The court lacked jurisdiction over the subject matter.[4]

▪ The defendant lacked the mental capacity to interpose a plea of guilty.[5]

▪ The defendant was not adequately afforded the advice of competent counsel.[6]

▪ An agreement inducing the plea made by the prosecution was not fulfilled.[7]

▪ The defendant did not understand the nature and elements of the offense charged and the consequence of his plea.[8]

---

[4] State v. Minton, 276 Minn. 213, 149 N. W. (2d) 384, where defendant pled guilty to theft although not properly charged with the offense. Cf. State v. Youngren, 275 Minn. 388, 147 N. W. (2d) 370.

[5] State v. Seebold, 280 Minn. 241, 158 N. W. (2d) 854; State ex rel. Stangvik v. Tahash, 281 Minn. 353, 161 N. W. (2d) 667.

[6] Where defendant shows an effective denial of right to counsel, his conviction based on a plea of guilty should be vacated. See, State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785. Note, also, State v. Seebold, *supra*; State v. Johnson, 279 Minn. 209, 156 N. W. (2d) 218; State v. Roberts, 279 Minn. 319, 156 N. W. (2d) 760; State ex rel. Turner v. Tahash, 279 Minn. 359, 156 N. W. (2d) 904; State v. Peters, 274 Minn. 309, 143 N. W. (2d) 832; State v. Ingram, 273 Minn. 356, 141 N. W. (2d) 802.

[7] State v. Wolske, 280 Minn. 465, 160 N. W. (2d) 146.

[8] Withdrawal of a plea of guilty will not be permitted where defendant understood the nature and seriousness of the offense charged at the time of pleading. See, State v. Hamilton, 280 Minn. 21, 157 N. W. (2d) 528; State v. Bohall, 280 Minn. 1, 157 N. W. (2d) 845; State v. Judd, 277 Minn. 415, 152 N. W. (2d) 724; State v. Roberts, *supra*; State ex rel. Oney v. Tahash, 277 Minn. 394, 152 N. W. (2d) 526; State v. Fagerstrom, 276 Minn. 561, 151 N. W. (2d) 251; State v. Peters, *supra*; State v. Jones, 267 Minn. 421, 127 N. W. (2d) 153.

Withdrawal of a plea of guilty will be permitted where defendant did not understand the consequences of his plea at the time of pleading. See, State v. Hamilton, *supra*; State v. Bohall, *supra*; State v. Roberts, *supra*; State v. Adkison, 279 Minn. 1, 155 N. W. (2d) 394; State ex rel. Adams v. Tahash, 276 Minn. 545, 148 N. W. (2d) 562; State v. Porter, 274 Minn. 306, 143 N. W. (2d) 822; State v. Peters, *supra*; State v. Jones, *supra*.

■ The plea of guilty was interposed only because of a clear and grave misapprehension concerning the admissibility of illegally obtained evidence.[9]

■ Statements made by the defendant at the time his plea was interposed negated the existence of an essential element of the crime charged and were inconsistent with the plea.[10]

We have assumed or stated in these cases that if the grounds asserted for relief were established the district court had authority to vacate the plea of guilty even though a judgment of conviction had been entered.

Reversal of an order vacating a plea of guilty is a rarity.[11] We have

---

[9] In State ex rel. Drysdale v. Tahash, 278 Minn. 361, 154 N. W. (2d) 691, the court held that in order for a confession, illegally obtained, to invalidate a conviction based on a plea of guilty: (a) Defendant must have been misled as to his constitutional rights with regard to the illegally obtained confession, and (b) his plea of guilty must have been prompted by the existence of the confession. See, also, State v. Linehan, 276 Minn. 349, 150 N. W. (2d) 203; State ex rel. Turner v. Tahash, *supra*; State ex rel. Schuler v. Tahash, 278 Minn. 302, 154 N. W. (2d) 200; State v. Kobi, 277 Minn. 46, 151 N. W. (2d) 404; State v. Poelakker, 276 Minn. 41, 148 N. W. (2d) 372; State ex rel. Fruhrman v. Tahash, 275 Minn. 242, 146 N. W. (2d) 174.

A plea of guilty which is prompted by illegally obtained evidence will also be vacated on the basis that defendant was under a genuine misapprehension concerning his legal position and constitutional rights. See, e. g., State v. Poelakker, *supra*; State v. Hemstock, 276 Minn. 457, 150 N. W. (2d) 562; State v. Peters, *supra*; State v. Ingram, *supra*; State v. Richter, 270 Minn. 307, 133 N. W. (2d) 537, certiorari denied, 382 U. S. 860, 86 S. Ct. 119, 15 L. ed. (2d) 98.

[10] If defendant, upon examination by the court after a plea of guilty, states facts which would negate the existence of an essential element of the crime, a plea of guilty, if made, should be withdrawn on motion of counsel or the court. State ex rel. Schuler v. Tahash, *supra*.

It is improper to accept a plea of guilty where statements made by defendant at time of arraignment or sentencing are inconsistent with his guilty plea. See, State v. Olson, 270 Minn. 329, 133 N. W. (2d) 489; State v. Jones, *supra*. Cf. State ex rel. Terry v. Tahash, 278 Minn. 100, 153 N. W. (2d) 227; State ex rel. Crossley v. Tahash, 263 Minn. 299, 116 N. W. (2d) 666.

[11] See, State ex rel. Norgaard v. Tahash, 261 Minn. 106, 110 N. W. (2d) 867.

refused to order vacation of a plea of guilty when manifest injustice has not been demonstrated.[12] We have held that delay in seeking relief is a relevant consideration.[13]

The Advisory Committee on the Criminal Trial to the American Bar Association Project on Minimum Standards for Criminal Justice, in Standards Relating to Pleas of Guilty (tentative draft), p. 58, concluded: "There does not appear to be any good reason for allowing withdrawal as a matter of right, absent a showing of manifest injustice, once the court has accepted the plea." However, withdrawal may be allowed before sentence for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. See, § 2.1 of the Standards Relating to Pleas of Guilty.

■ Applying these precepts to the case before us, we are satisfied that the order of the district court vacating the plea of guilty should be affirmed because the interrogation of the defendant prior to his sentencing raises a serious question as to whether defendant was guilty of murder in the second degree. Minn. St. 609.19 provides:

"Whoever causes the death of a human being *with intent to effect the death of such person or another,* but without premeditation, is guilty of murder in the second degree and may be sentenced to imprisonment for not more than 40 years." (Italics supplied.)

According to defendant's responses to questions put to him by the district court and the county attorney, the decedent, a stranger, offered him a ride in his automobile as he was walking home in Albert Lea, Minnesota, at about 3 a. m. on May 23, 1963. Notwithstanding the unusual circumstances of this meeting, as related by defendant, they drove around the countryside for a while until the events transpired which culminated in the killing. These questions and answers appear from the interrogation:

"Q.  You didn't plan to kill this man, did you?

---

[12] State v. Warren, 278 Minn. 119, 153 N. W. (2d) 273. In this case the court cited A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (tentative draft), § 2.1.

[13] State v. Searles, 274 Minn. 199, 142 N. W. (2d) 748.

"A. I didn't have no intentions to.

"Q. You didn't know him before that night, did you?

"A. No.

\* \* \* \* \*

"County Attorney: You pulled back the hammer, you aimed the gun at his head, and you shot, is that correct?

"The Defendant: Yes.

\* \* \* \* \*

"Q. Did you intend to kill him?

"A. No."

Other answers by defendant suggest, though they do not establish, that, if his statements are trustworthy, his actions in so far as they caused the victim's death were the product of fear or revulsion, or both.

In light of this testimony of the defendant in which he specifically denied an intent to kill the decedent, it is our belief, particularly in view of the extraordinary circumstances under which this homicide occurred, that the trial court's discretion in vacating the plea was properly exercised unless it will result in serious prejudice to the state.

■ The state contends that it will be prejudiced if this plea of guilty is vacated because in the time that has elapsed since the plea was interposed and accepted the United States Supreme Court has declared in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694, 10 A. L. R. (3d) 974 (filed June 13, 1966), that, in the absence of waiver, statements made by a defendant while in custody are not admissible against him when he has not been notified before their making of his right to counsel, at public expense if necessary; of his right to maintain silence if he prefers; and of the fact that any statement given by him may be used in evidence against him. Prior to the decision in Miranda, it was the position of the Minnesota Supreme Court that failure to give such a warning was a factor to be considered by the trial court together with all other relevant circumstances in deciding whether a confession was or was not voluntary, but that failure to give the warning did not in and of itself bar the use of the statement given in evidence. State v. Taylor, 270 Minn. 333, 133 N. W. (2d) 828. In Johnson v. New Jersey, 384 U. S. 719, 733, 86 S. Ct. 1772, 1781, 16 L. ed. (2d)

882, 892 (filed June 20, 1966), the United States Supreme Court declared that the Miranda rule applies "only to cases commenced after" the decision in Miranda was announced.

If the plea of guilty is vacated and the case is tried on the merits, application of the Miranda rule would seriously prejudice the state because it would require adherence to an exclusionary principle which did not exist when the plea of guilty was tendered and accepted and which would not have been applied if the case had been tried at that time.

Many respected courts have held that the Miranda rule does not apply to retrials of a case tried on the merits before June 13, 1966.[14]

In Jenkins v. State (Del.) 230 A. (2d) 262, 274, the court said:

"* * * We think it neither logical nor reasonable that the retrial should be conducted under rules different from those prevailing when the cases were tried the first time. * * * Although de novo, a new trial is not a new case; it is a continuation of the original case until the judgment is final."

In State v. Vigliano, 50 N. J. 51, 66, 232 A. (2d) 129, 137, the New Jersey court said:

"* * * [W]e take 'commenced' and 'begun' to have the same significance, i.e., to refer to those cases or trials which were initiated or in which the first step was taken after the stated date. This view accords with a commonplace of the criminal law in this country, i.e., an order for a new trial as an incident of a reversal of a conviction on appeal simply amounts to a continuance of the same case looking toward a final judgment of either acquittal or conviction."

Other courts have taken a different view of this matter.[15] In People v.

---

[14] Jenkins v. State (Del.) 230 A. (2d) 262; Sims v. State, 223 Ga. 465, 156 S. E. (2d) 65; People v. Worley, 37 Ill. (2d) 439, 227 N. E. (2d) 746; State v. Vigliano, 50 N. J. 51, 232 A. (2d) 129; Burnley v. Commonwealth, 208 Va. 356, 158 S. E. (2d) 108; Hall v. Warden, Nev. State Prison, 83 Nev. 446, 434 P. (2d) 425; Boone v. State, 3 Md. App. 11, 237 A. (2d) 787; Murphy v. State, 221 Tenn. 351, 426 S. W. (2d) 509. See, Richardson, *Criminal Procedure—Miranda: Application at Retrials*, 19 S. C. L. Rev. 863.

[15] State v. Shoffner, 31 Wis. (2d) 412, 143 N. W. (2d) 458; Creech v. Commonwealth (Ky.) 412 S. W. (2d) 245; State v. Brock, 101 Ariz. 168,

Doherty, 67 Cal. (2d) 9, 21, 59 Cal. Rptr. 857, 865, 429 P. (2d) 177, 185, the court said:

"We cannot apply a truncated version of the Constitution to the forthcoming proceeding merely because it is a *second* trial. We cannot rationally forbid the use of statements violative of Miranda for defendants first tried after June 13, 1966, and sanction such use for those tried at that time after an earlier nullified proceeding."

But we believe, at least in situations where a convicted defendant seeks a trial on the merits by appealing to the trial court's discretion in favor of vacating his plea of guilty, that the test of voluntariness to be applied should be that in force when the plea of guilty was accepted if to do otherwise would be so prejudicial to the state that the order vacating the plea could not be justified.

As of the time the guilty plea was accepted, the case of the state against this defendant consisted almost entirely of his admissions. So far as we have been informed, there was no other evidence available to the state at that time which is not equally available now. If the trial of this case on the merits is to be governed by the same rules of evidence pertaining to the voluntariness of the confession as would have been applied had the plea of guilty not been proffered and accepted, we are justified in accepting the trial judge's determination that denial of the relief requested by petitioner would cause manifest injustice, but not otherwise.

In arriving at its decision, the trial court considered the claim that the confession was not voluntary and concluded for the purposes of its ruling on the motion that it was not. It is unnecessary for us to decide at this time whether the admissions of defendant were or were not volun-

---

416 P. (2d) 601; People v. Doherty, 67 Cal. (2d) 9, 59 Cal. Rptr. 857, 429 P. (2d) 177; State v. Ruiz, 49 Hawaii 504, 421 P. (2d) 305; State v. McCarther, 197 Kan. 279, 416 P. (2d) 290; State v. Jackson, 270 N. C. 773, 155 S. E. (2d) 236; People v. Sayers, 28 App. Div. (2d) 227, 284 N. Y. S. (2d) 481; United States ex rel. Pierce v. Pinto ( D. N. J.) 259 F. Supp. 729, affirmed per curiam (3 Cir.) 374 F. (2d) 472; Government of the Virgin Islands v. Lovell (3 Cir.) 378 F. (2d) 799; Gibson v. United States (5 Cir.) 363 F. (2d) 146.

tary in a constitutional sense so as to justify vacation of the plea. The determination by the district court in the postconviction proceedings does not foreclose this issue if it should arise incidental to trial on the merits.

Affirmed.

PETERSON, JUSTICE (dissenting).

The essence of the decision, from which I respectfully dissent, is that the court below was justified in vacating a conviction of second-degree murder for the admitted killing of decedent on the sole ground that defendant in pleading guilty had made a statement of fact which would negate the existence of an essential element of the crime. I agree with the principle that a plea of guilty should not be accepted or, if made, should be withdrawn upon the motion of the court or counsel if such were the case, but I do not agree that this is the case.[1]

1. Defendant admittedly killed the Reverend Berner Nyjordet on May 23, 1963. Decedent was shot in the head with a pistol at pointblank range and stabbed several times in the head and chest. Defendant was originally indicted for first-degree murder, essential elements of which include both premeditation and an intent to effect death; [2] but that indictment was dismissed and replaced by an information charging the lesser crime of second-degree murder, for which only an intent to effect death, not premeditation,[3] is the essential element. Defendant acknowledges that his counsel had explained to him "very carefully and in some detail" the essential elements of both crimes, so it cannot be said from this record that defendant did not understand the nature and elements of the offense to which he pleaded guilty.

Defendant, the majority concludes, made a statement of fact negating

---

[1] Nor, apparently, did the District Court of Washington County which had denied defendant's petition in a prior habeas corpus proceeding. Our reversal and remand in State ex rel. Chapman v. Tahash, 277 Minn. 503, 152 N. W. (2d) 309, was to afford an evidentiary hearing as to such other issues raised by defendant as could not be determined from the original record.

[2] Minn. St. 609.185(1).

[3] Minn. St. 609.19.

the essential element of intent to kill when, contemporaneous with his plea of guilty, he said that he did not have that intent. There is less to that statement, however, than appears when read merely in isolation from his other statements. I submit that such statement, if considered in its full context, reflects nothing more than a disavowal of the nonessential element of premeditation, a disavowal which is of significance in justifying the dismissal of the original indictment and acceptance of a plea of guilty to a lesser crime. The statement which constitutes the basis of the trial court's decision is, indeed, his response to the interrogation of the court:

"Q. [By the court] You didn't *plan* to kill this man, did you?

"A. I didn't have no intentions to.

"Q. You didn't know him before that night, did you?

"A. No.

"Q. *The first time you decided or thought—the thought came to your mind was when he said something that irritated you, is that right?*

"A. *When he mentioned about my girl's name.* He told me to call— just think of me as your girl, that is what he said." (Italics supplied.)

The real meaning of defendant's statement is, I think, equally apparent from the following colloquy with the county attorney:

"County Attorney: When you went into the country with Nyjordet, did you intend to rob him?

"The Defendant: No.

\* \* \* \* \*

"County Attorney: Did you intend to rob him?

"The Defendant: *Not when I got in the car.*

"County Attorney: Not when you got in the car, *but after you were out in the country by Hayward did you intend to rob him?*

"The Defendant: *Yes.*

\* \* \* \* \*

"County Attorney: Did you intend to kill him?

"The Defendant: No.

"County Attorney: *You knew you were shooting at his head, didn't you?*

"The Defendant: *Yes.*" (Italics supplied.)

It is utterly unrealistic to read into defendant's isolated statement a negation of that essential element when considered with his detailed account of the circumstances in which he shot and stabbed decedent. We have in the past held unequivocally that the intent to cause death—even premeditation—may be determined from such circumstances as the fact of being armed and the method in which the killing occurred. State v. Campbell, 281 Minn. 1, 161 N. W. (2d) 47; State v. Hare, 278 Minn. 405, 154 N. W. (2d) 820; State ex rel. Fruhrman v. Tahash, 275 Minn. 242, 146 N. W. (2d) 174; State v. Ware, 267 Minn. 191, 126 N. W. (2d) 429; State v. Gowdy, 262 Minn. 70, 113 N. W. (2d) 578. As it was so succinctly stated in State v. Hare, 278 Minn. 405, 408, 154 N. W. (2d) 820, 822:

"* * * Aiming a loaded revolver at a person and firing three shots, all of which strike the target, surely permits an inference of premeditation with intent to kill."

I do not mean to suggest, of course, that a plea of guilty is properly accepted, however inescapable the probable inference of guilty might be were the evidence submitted to a trial of the disputed issue, if the defendant chose categorically to assert his innocence. I submit, however, that the whole of defendant's statements of fact neither constitutes a clear and unequivocal declaration of such innocence nor raises serious doubt as to his guilt of the crime admitted by the plea of guilty.

2. The vacating of the plea of guilty may well have the practical result of defendant's ultimate acquittal. Crucial evidence against defendant is apparently contained in a "confession" taken without the giving of the warnings and the availability of counsel as required by the Miranda rule.[4] Because the conviction occurred prior to the effective date of Miranda, the confession would not have been inadmissible on that ground. But whether or not upon a post-Miranda trial its admissibility would be ultimately sustained, is most uncertain. Although I would agree with the court in holding that the admissibility of the confession is to

---

[4] Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. (2d) 694, 10 A. L. R. (3d) 974.

be determined according to pre-Miranda standards, this does not fully safeguard the state from possible prejudice, for the ultimate decision is not for us to make but for the United States Supreme Court.

I would reverse and reinstate the judgment of conviction.