## LOREN RIGGERS v. STATE.

169 N. W. (2d) 58.

June 27, 1969—No. 41659.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *Alfred C. Schmidt,* Ninth District Prosecutor, for appellant.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Appeal from orders of the district court granting a petition for postconviction relief and thereby vacating a judgment of conviction of murder in the first degree, and granting a new trial. The order is appealable. Minn. St. 590.06.

We have frequently recognized the authority of the district court to vacate a plea of guilty in order to correct a manifest injustice. The decisions are collected in Chapman v. State, 282 Minn. 13, 162 N. W. (2d) 698.

Even though defendant caused the death of John Keninger in Norman County on May 2, 1936, the doubt expressed by the judge presiding at the postconviction proceedings as to whether the killing was premeditated and intentional has support in the record of those proceedings. His determination that defendant's plea of guilty to murder in the first degree was ill-advised and involuntary was reasonable in light of the evidence presented concerning his treatment upon apprehension; the circumstances under which his confession was secured; and the advice given him to plead guilty to a charge of a premeditated and intentional murder because of the confession, notwithstanding the apparent weakness of the state's case with respect to these essential

elements of murder in the first degree. The 33 years' imprisonment already served by defendant would presumably satisfy any sentence which might have been imposed had he pleaded guilty to any lesser degree of the crime charged.

Affirmed