THOMAS HARDIN HAMILTON v. STATE.

198 N. W. 2d 271.

May 26, 1972—No. 42960.

*C. Paul Jones,* State Public Defender, and *Mollie Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Gunn, JJ.

WILLIAM D. GUNN, JUSTICE.*

Appeal from an order denying a petition for postconviction relief following a full evidentiary hearing. Petitioner was arrested on May 20, 1966, and the district court accepted his plea

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

of guilty to a charge of aggravated rape on October 14, 1966. The conviction was affirmed by this court upon direct appeal in State v. Hamilton, 280 Minn. 21, 157 N. W. 2d 528 (1968). We also affirm the order from which this appeal is taken.

On May 19, 1966, while doing housework, a St. Paul housewife was accosted by a man in her dining room. He was wearing a dark nylon stocking over his head, a sweater, and dark trousers, and was holding a white-handled revolver. The attacker took the money in the victim's billfold and then ordered her to an upstairs bedroom where he required her to remove her clothing. Following the removal of her blouse and skirt, the assailant covered her head with a pillow case after binding and gagging her. He then raped her.

On the following day, the victim, after examining photographs, tentatively identified petitioner, Thomas H. Hamilton, as her attacker. He was arrested in his home that evening. The arresting officer's search of his home (pursuant to a search warrant) disclosed a white-handled revolver and a pair of dark slacks, both of which were later identified by the victim.

The victim identified petitioner as her assailant in a three-man police lineup the following morning. Petitioner was not represented by counsel at the lineup. All three members of the lineup were white and of similar height and build. The two other lineup members were police officers. Petitioner wore blue jeans. The other two lineup members wore slacks. All three wore white shirts, open at the neck. A photograph of the lineup refutes petitioner's claim that the other two men wore suit coats and ties and that his appearance was much more disheveled than theirs.

At the postconviction hearing, petitioner and his witnesses attempted to establish an alibi by testifying that he had been observed by several of them at times that would indicate that he had no opportunity to commit the rape. However, contrary to petitioner's contention, their testimony indicates that he did have an opportunity on the day in question to commit the crime.

Petitioner's trial was originally scheduled for July 28, 1966, but was changed to October 17 at his request. Three days before trial, however, he pled guilty to the charge of aggravated rape. A charge of aggravated robbery was dropped and petitioner was sentenced to an indeterminate sentence of 20 years. He has now been paroled.

The comprehensive memorandum of the postconviction court demonstrates that the court fully considered the issues discussed herein.

1. *Was the lineup in violation of basic rights of petitioner because he was not then represented by counsel?*

In United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. 2d 1149, decided on June 12, 1967, the Supreme Court of the United States held that because of the numerous opportunities for bias and unfairness that are implicit in lineup procedures and because the lineup is a critical stage of the prosecution, the accused has the right to be represented by counsel during the lineup proceedings. The failure to allow representation of counsel at such time does not, however, necessarily constitute reversible error unless the witness has no other adequate independent recollection to form a basis for identification. In Stovall v. Denno, 388 U. S. 293, 87 S. Ct. 1967, 18 L. ed. 2d 1199 (1967), the Wade ruling was held to be prospective only. Thus, Wade does not apply to the lineup in the present case because it occurred more than a year prior to the Supreme Court ruling. See, also, Simberg v. State, 288 Minn. 175, 181, 179 N. W. 2d 141, 145 (1970); State v. McConoughey, 282 Minn. 161, 167, 163 N. W. 2d 568, 573 (1968).

2. *Were the lineup procedures impermissibly suggestive?*

In Stovall v. Denno, *supra,* the United States Supreme Court further held that the accused has the right to attack the conduct of the lineup as having been so unnecessarily suggestive and conducive to irreparable mistaken identification that the accused was denied due process of law. The court, however, indicated that the determination of whether an individual lineup consti-

tutes a denial of due process must depend on the totality of circumstances surrounding it. Pursuant to this mandate, the lower Federal and State courts have in many cases considered the term "unnecessarily suggestive lineup." An excellent survey and analysis of these cases can be found in a note, *Pretrial Identification Procedures—Wade to Gilbert to Stovall: Lower Courts Bobble the Ball,* in 55 Minn. L. Rev. 779.

Minnesota cases dealing with this issue appear to adhere to the general rules set out above. See, State v. Kohuth, 287 Minn. 520, 176 N. W. 2d 872 (1970) ; Broberg v. State, 287 Minn. 66, 176 N. W. 2d 904, certiorari denied, 400 U. S. 843, 91 S. Ct. 87, 27 L. ed. 2d 79 (1970); State v. Burch, 284 Minn. 300, 315, 170 N. W. 2d 543, 553 (1969); State v. McConoughey, *supra.*

This issue in this case is close. The lineup had the approval of the postconviction court. While we do not approve of the use of only three persons in a lineup, especially where the two with defendant are police officers, the decision of the district court is affirmed under "the totality of circumstances" revealed by our examination of the record.

3. *Did the identification obtained from the lineup play a substantial role in inducing the guilty plea?*

It does not appear that any defects in the lineup had a significant impact upon the voluntariness of petitioner's guilty plea.[1] This court has determined that an unconstitutionally obtained confession will not invalidate a conviction based on a plea of guilty unless the following two factors are present: (1) The defendant was misled as to his constitutional rights with regard

---

[1] In a letter to his counsel, dated August 14, 1966, defendant stated: "* * * I have come to the conclusion that it is a lost cause to even try to fight this case and I wish you to take the matter back into court at the earliest possible moment so I can be convicted and sent to Stillwater.

\* \* \* \* \*

"One other thing, at my trial I do [not] want any defense from an attorney at all. I do not wish to offer any defense as it seems that I have none to offer anyway."

to the illegally obtained confession; and (2) defendant's plea of guilty was prompted by the existence of such evidence. See, State ex rel. Drysdale v. Tahash, 278 Minn. 361, 366, 154 N. W. 2d 691, 695 (1967); State ex rel. Parks v. Tahash, 284 Minn. 446, 451, 170 N. W. 2d 448, 451 (1969). While those decisions are not directly in point, the principle underlying them is applicable here.

Petitioner had a public defender who fully explained his legal rights to him. A charge of aggravated robbery was dropped and a maximum sentence of 20 years, rather than the possible 30 years, was imposed. There was evidence in addition to the identification of petitioner. The victim had identified the gun and slacks admittedly belonging to petitioner. Even if the lineup had been in violation of petitioner's basic rights, reversal would not be required since it was not established that the identification obtained as a result of the lineup induced the guilty plea.

4. *Was the victim's opportunity to observe her assailant adequate to form the basis for her later identification?*

The applicable rule was set forth in State v. Burch, 284 Minn. 300, 313, 170 N. W. 2d 543, 552 (1969), as follows:

"We have said that a verdict may be based on the testimony of a single witness no matter what the issue, Benson v. Northland Transp. Co. 200 Minn. 445, 450, 274 N. W. 532, 534, and that identification testimony need not be positive and certain, but that it is enough for a witness to testify that it is his opinion, belief, impression, or judgment that the defendant is the person he saw commit the crime. State v. Sutton, 272 Minn. 399, 138 N. W. (2d) 46. The factors affecting the reliability of eyewitness testimony to which defendant refers—time for observation, circumstances under which the observation was made, etc.—go to the weight to be accorded the testimony, not its admissibility."

See, also, State v. Gluff, 285 Minn. 148, 172 N. W. 2d 63 (1969). Application of these tests to the facts of this case clearly indicates that the victim's opportunity to observe her assailant was adequate to form a basis for later identification.

5. *Was petitioner mentally competent to voluntarily plead guilty?*

We agree with the postconviction court that if petitioner was suffering any mental anguish or imbalance, it did not affect his ability to voluntarily plead guilty. Moreover, this issue was considered on the appeal from the conviction in this matter.

6. *Was petitioner denied adequate representation of counsel?*

This issue was also raised on the first appeal, but we were not able then to dispose of it completely. See, State v. Hamilton, *supra*. Now that the facts have been fully developed, we agree with the postconviction court that petitioner was not denied adequate representation of counsel. After carefully reviewing the facts with reference to petitioner's claims on this issue, that court, Judge John W. Graff, said:

"* * * It is my view that petitioner had more than adequate legal representation at the hands of the public defender's office and suffered no infringement of his constitutional rights."

Without restating all of these facts, it is enough to say that we agree.

Affirmed.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.