**STATE of Minnesota, Appellant,**

v.

**Robert Dean McELHANEY, Respondent.**

No. C8–83–1864.

Court of Appeals of Minnesota.

March 21, 1984.

R. Kathleen Morris, Scott County Atty., Shakopee, for appellant.

Mark W. Peterson, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ., with oral argument waived.

OPINION

PARKER, Judge.

This is an appeal by the State contesting the November 15, 1983, order of the Scott County District Court allowing the defendant to withdraw his guilty pleas prior to sentencing. We affirm.

The issue on appeal is whether the trial court abused its discretion in allowing the defendant to withdraw his guilty pleas.

FACTS

Robert McElhaney and two co-defendants were charged with numerous theft-related offenses arising out of their operation of Valley Auto Plaza in Shakopee, Minnesota. After extensive plea negotiations, McElhaney pleaded guilty to four counts of felony theft by swindle. After a hearing in which the plea was tendered and the defendant questioned, the trial court postponed accepting or rejecting the plea and ordered a presentence investigation. Prior to the trial court's acceptance of the plea, the defendant moved to withdraw his guilty pleas pursuant to Rule 15.05, subd. 2, Minn.R.Crim.P. The trial court held a hearing on this issue and granted the defendant's motion on November 15, 1983. Pursuant to Rule 28.04, subd. 1, Minn.R. Crim.P., the State appealed from this order.

DISCUSSION

We believe that a defendant may withdraw his guilty plea prior to the judge's acceptance of the plea. The general policy favoring the finality of judgments in criminal cases is inapplicable before the plea is accepted. *See Chapman v. State,* 282 Minn. 13, 16, 162 N.W.2d 698, 700 (1968).

Our Rules of Criminal Procedure support this view. A judge may postpone acceptance of the plea until receipt of a presentence investigation. Rule 15.04, subd. 3(1). If the plea agreement is rejected, the defendant must be given a chance to withdraw the plea. *Id.*

Plea withdrawals are provided for in Rule 15.05. Subdivision 2 provides:

*Before Sentence.* In its discretion the court may also allow the defendant to withdraw his plea at any time before sentence if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

It is unclear whether this rule even applies to pleas that have not yet been accepted by the trial judge. Assuming *arguendo* that it does, it is evident that the trial court is given discretion in this area. The trial court found that "[n]o action has been identified by the State as one it took in reliance upon the defendant's plea which now operates to its prejudice."

"Reversal of an order vacating a plea of guilty is a rarity." *Chapman,* 282 Minn. at 20, 162 N.W.2d at 703.

## DECISION

Our review fully supports the trial court; its finding that no prejudice was shown is not clearly erroneous. *State v. Ulm,* 326 N.W.2d 159 (Minn.1982). The State has not demonstrated specific actions taken in reliance on the plea. We need not address other points raised by the State.

Affirmed.