STATE v. TERRENCE DAVID McBRIDE.

189 N. W. (2d) 485.

August 20, 1971—No. 42229.

*C. Paul Jones,* State Public Defender, *Roberta K. Levy* and *Rosalie Wahl,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

PER CURIAM.

Defendant appeals from a conviction for aggravated robbery, claiming he was not accorded the benefit of a plea agreement.

At the time of arraignment and before defendant pled guilty, the public defender in open court advised defendant of the following agreement:

"And, Mr. McBride, just so you understand what that means, that means that any sentence which you might receive in this case would mean that the most you could receive would be a sentence of zero to ten. It does not mean that you will, of necessity, receive that sentence; it leaves it up to the discretion of the Court, based upon a Probation Office report as to exactly what type of sentence you should be, should receive. There are no promises other than the fact that the most you can receive is ten years. Is that your understanding of it, sir?

"THE DEFENDANT: Yes."

Upon receiving defendant's plea of guilty, the trial court imposed a sentence for a term not to exceed 10 years, half of the maximum autho-

rized by Minn. St. 609.245. Defendant now argues that the agreement required a sentence of less than 10 years since the presentence investigation report disclosed no prior record.

There is no merit in defendant's contention. The report, among other things, disclosed that defendant was suffering from severe alcoholism and that in the opinion of the examining psychologists he was irresponsible, immature, egocentric, and impulsive. All the plea agreement contemplated was that the court consider the report in imposing sentence and that the sentence would not, in any event, exceed 10 years. The court complied with the agreement and the judgment is therefore affirmed.

Affirmed.