STATE v. JESSE O. WILLIAMS.

195 N. W. 2d 581.

March 10, 1972—No. 42789.

C. Paul Jones, State Public Defender, and Roberta K. Levy and Doris O. Huspeni, Assistant State Public Defenders, for appellant.

Warren Spannaus, Attorney General, Paul J. Tschida, Special Assistant Attorney General, William B. Randall, County Attorney, and Steven C. DeCoster, Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ.

PER CURIAM.

Defendant appeals from a judgment of conviction for manslaughter in the first degree. Minn. St. 609.20. The conviction resulted from a plea bargain in which it was agreed that the original charge of murder in the first degree would be dismissed on a plea of guilty to manslaughter in the first degree with a maximum sentence of 2 years.

The death in this case occurred on the evening of October 11, 1969, when decedent went to defendant's apartment in St. Paul and in the course of his visit drew a knife and cut defendant. Defendant then pulled a gun and fired six shots, killing decedent. Defendant had purchased the gun earlier that day because of fear resulting from a disagreement of several days' duration with decedent immediately preceding the fatal incident.

During the presentence examination, defendant stated that his private counsel had fairly and adequately represented him; that he understood the elements of the offense with which he was charged; that in exchange for his plea the state would recommend a maximum sentence of 2 years; and that the reason for his plea was that he was in truth and fact guilty. He also indicated that he was aware of the various elements required during a trial before a jury could bring in a verdict of guilty. He was not asked to state his version of the incident.

Defendant alleges that the trial court erred in accepting his plea of guilty because the issue of self-defense was not raised and because he

pled guilty in ignorance of this defense and of his constitutional rights.

Defendant made no request to withdraw his plea but claims the court should not have accepted it. The evidence shows that after being attacked by decedent with a knife, defendant fired six shots from his gun into decedent. Given these facts, a jury could have found an excessive use of force by defendant in his self-defense.

In Chapman v. State, 282 Minn. 13, 19, 162 N. W. 2d 698, 702 (1968), we held that a guilty plea may be withdrawn when necessary to correct a manifest injustice. There we stated that among other claims considered by this court in determining whether a guilty plea may be withdrawn was the fact:

"(e) The defendant did not understand the nature and elements of the offense charged and the consequence of his plea. [Citing State v. Hamilton, 280 Minn. 1, 157 N. W. 2d 528 (1968).]"

It is apparent that defendant here had discussed his case fully with his chosen counsel and knew that the plea bargaining subjected him to a maximum of 2 years' imprisonment for a crime which carried a sentence of up to 15 years. While he hoped to have the 2 years apportioned with 1 year in the workhouse and the second year under the Huber law, the result did not exceed that which was covered in the plea bargain. The examination of defendant on the date of sentence is not an example for others to follow, but the record in other respects can lead to no conclusion other than that defendant was fully aware of his constitutional rights and privileges and of the defense of self-defense, and there was no manifest injustice in accepting the plea. State v. McBride, 291 Minn. 522, 189 N. W. 2d 485 (1971); State v. Spann, 289 Minn. 497, 182 N. W. 2d 873 (1970); State v. Johnson, 279 Minn. 209, 156 N. W. 2d 218 (1968).

The judgment of conviction is affirmed.

Affirmed.